BOSTON HOUSING AUTHORITY *vs.* DONNA BELL.

Suffolk. May 7, 1998. - July 31, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Housing. Boston Housing Authority. Landlord and Tenant,* Eviction. *Parent and Child,* Parental liability for intentional act of child. *Statute,* Construction. *Words,* "Cause."

This court concluded that the principles stated in *Spence* v. *Gormley,* 387 Mass. 258 (1982), concerning the conditions under which the Boston Housing Authority may evict a tenant, are still applicable to such eviction cases. [109-110]

An eviction action, brought by the Boston Housing Authority and subject to the provisions of G. L. c. 121B, § 32, was remanded for findings of fact and a ruling on whether the tenant had proved special circumstances indicating that she could not have foreseen the violent activities of her son, a household member, or taken steps to prevent them, such as would warrant a finding in the tenant's favor. [110-111]

SUMMARY PROCESS. Complaint filed in the Boston Division of the Housing Court Department on March 31, 1997.

The case was heard by *E. George Daher,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Maite A. Parsi* for the plaintiff.

*Joanna George Allison* (*Aderonke O. Lipede* with her) for the defendant.

The following submitted briefs for amici curiae:

*Judith Liben, James M. McCreight, & Richard M.W. Bauer* for Massachusetts Union of Public Housing Tenants.

*William F. Maher,* of the District of Columbia, *& Susan C. Cohen* for Massachusetts Chapter, National Association of Housing and Redevelopment Officials & others.

*Catherine Downing* for The New England Affordable Housing Management Association.

WILKINS, C.J. The Boston Housing Authority (BHA) appeals from a judgment of the Boston Housing Court in a summary

process action awarding possession to the defendant tenant. We transferred that appeal here on our own motion. This appeal presents the question whether circumstances have changed significantly since our opinion in *Spence* v. *Gormley*, 387 Mass. 258 (1982), so that principles stated in that opinion, concerning conditions under which the BHA may evict a tenant, no longer apply.

The facts on which the BHA based its case for eviction of the tenant are not in dispute. The tenant's son, who was a member of her household, physically assaulted a BHA police officer while that officer and another BHA officer were trying to arrest one of the son's friends (for possession of a gun, according to the testimony). Under her lease, the tenant agreed to "forbid any member of Resident's household . . . from engaging in any criminal or illegal activity." The BHA did not seek to evict the tenant for violation of that provision. There was no evidence that she had violated it.

As grounds for the eviction, the BHA relies on lease language permitting its termination if a member of the tenant's household commits "[a]ny criminal or other activity which threatens the health or safety of . . . BHA employees." The tenant's son unquestionably committed a criminal act that threatened the health and safety of the BHA police officer whom he attacked. If the lease alone controlled our decision, the BHA would be entitled to possession of the premises. The terms of the lease are not, however, the sole consideration.

The BHA is subject to the statute governing the termination of public housing tenancies, G. L. c. 121B, § 32. In *Spence* v. *Gormley, supra*, involving evictions sought because of fire-bombings of BHA apartments by tenants' sons (*id.* at 259, 260), we concluded that § 32 provides "a limited protection against termination when special circumstances . . . indicate that the tenant could not have foreseen the violence or taken steps to prevent it." *Id.* at 261. Section 32, then (*id.* at 263) and now, provides that a housing authority may terminate a tenancy only for "cause." *Id.* We concluded in *Spence* v. *Gormley* that "[w]hen the wrongdoer is a household member, a fair inference exists that the tenant is aware of potential problems, and able to exercise some influence or otherwise prevent violent and destructive conduct on the premises." *Id.* at 265. We continued, noting that this inference may not hold true in every case, and, if it were not true in a specific case, there would be a question

of fairness in evicting the tenant. *Id.* We concluded that the "cause" requirement of § 32 means that a tenant should not be evicted if special circumstances negate the inference that she could have averted the lease violation. *Id.* "In other words, if the tenant can show that she could not have foreseen and prevented her son's violence, there is no 'cause' to evict her within § 32." *Id.*

Although the Legislature has amended § 32 several times since our 1982 opinion in *Spence* v. *Gormley*, the word "cause" and its context have not changed ("The tenancy of a tenant of a housing authority shall not be terminated without cause . . ."). There is no indication that the Legislature intended any amendment of § 32 to change the principles announced in *Spence* v. *Gormley*. Reenactment of statutory language following a judicial interpretation of it presumes legislative acceptance of that interpretation. See *Barlow* v. *Wareham*, 401 Mass. 408, 411 (1988); *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxation*, 363 Mass. 685, 691 (1973); *Leal* v. *Contributory Retirement Appeal Bd.*, 42 Mass. App. Ct. 330, 333 (1997).[1] The 1995 amendment of § 32 gives the BHA the right not to grant a tenant a pretermination hearing, if there is reason to believe that a member of a tenant's household has threatened serious harm to a BHA employee, but that amendment did not eliminate the "cause" requirement of § 32. St. 1995, § 179, § 5.[2] Such threatening conduct is a statutorily recognized ground for termination of a tenancy, but the 1995 amendment of § 32 did not make such conduct an incontestable "cause" for termination. In the face of the requirement of cause in § 32, the provision in the lease permitting termination of the tenancy cannot be enforced as written.[3]

The question then is whether, pursuant to the principles of *Spence* v. *Gormley*, the tenant has shown that she could not have foreseen and prevented her son's violence. Some testimony tended to show that the tenant had no reason to foresee that her son would act violently. But the judge made no findings of fact bearing on the foreseeability question. On the question whether

---

[1]The sixth paragraph, which contains the cause requirement, was amended by St. 1995, c. 179, §§ 5 & 6, which reenacted the "cause" language verbatim.

[2]Before 1995, such conduct would have permitted only a request to waive an agency hearing. See G. L. c. 121B, § 32 (1994 ed.).

[3]The BHA makes no claim that Federal law preempts the cause requirement of § 32.

the tenant could have prevented the attack, he found only that the altercation occurred away from her apartment. He stated that "[t]here is no evidence that the defendant could reasonably have foreseen and prevented her son's conduct." That statement seems to place the burden on the BHA to prove foreseeability and preventability. *Spence* v. *Gormley,* however, places the burden on the tenant to show special circumstances warranting denial of eviction in this case. *Id.* at 265. See *Hodess* v. *Bonefont,* 401 Mass. 693, 697 (1988). The judge neither ruled on whether the tenant had met her burden of proof nor found facts sufficient to permit any such ruling.

We vacate the judgment and remand the case for findings of fact and a ruling on whether the tenant has proved special circumstances that justify rejection of the BHA's attempt to evict her. The judge in his discretion may authorize a further evidentiary hearing.

*So ordered.*